## HUSTON v. VAIL ET AL.

PRACTICE. — *Power of Court to Compel Making of Affidavit.* — Upon proper application by a party, the court will compel a refractory person to make his affidavit as to facts within his knowledge, in support of a motion for a new trial assigning such facts as cause. The court has the same power to compel such a person's attendance and to require him to make his affidavit, as it has to compel the attendance of a witness and to require him to testify orally.

SAME. — *Misconduct of Prevailing Party. — Tampering With Juror.* — Where facts which cast upon the prevailing party suspicion that he has tampered with a juror are shown by affidavits in support of a motion for a new trial assigning such misconduct as cause, and counter affidavits filed

do not fully and fairly answer the charge, the motion should be sustained.

SAME. — *Effect of Misconduct on Verdict.* — For such misconduct of the prevailing party, the court will set aside the verdict, without inquiring as to what effect the misconduct had upon the verdict.

From the Pulaski Circuit Court.

*M. S. Robinson, J. W. Lovett, R. S. Dwiggins* and *G. Burson,* for appellant.

*D. Turpie, H. D. Pierce, J. E. McDonald* and *J. M. Butler,* for appellees.

BIDDLE, C. J.—William Huston, as surviving partner of James and William Huston, brought this suit against John B. Vail and Mary A. Vail, to foreclose a mortgage. Several paragraphs of answer, of payment and set-off, were filed, and a jury trial had, which resulted in a verdict in favor of John B. Vail, the defendant below, for two hundred and ninety-seven dollars and thirty-seven cents, against the plaintiff. Over a motion for a new trial, which was denied, and exception taken, judgment was rendered on the verdict. Appeal.

The forty-ninth cause assigned for a new trial was the alleged misconduct of John B. Vail, the prevailing party, as set forth in the following affidavits:

"John W. Lovett, one of the counsel in this cause, swears that the plaintiff cannot, at the present term of this court, procure the necessary affidavits in support of his motion for a new trial, as claimed by the plaintiff for misconduct of the prevailing party and of the jury, by reason of the undue influence of the defendant John B. Vail and his attorney over the persons whose affidavits are necessary in support of said motion; and, by reason of the undue influence and misconduct of the said John B. Vail and his attorney, the plaintiff is unable to procure the necessary affidavits in support of said motion, as is more fully shown by the affidavit of George Burson herewith filed. This affiant further says that he verily believes that the plaintiff, if allowed time, can procure affidavits of competent parties in support of his motion for a

new trial, that will satisfy this court that a new trial ought to be granted in this cause. He further says that this affidavit is not made for delay, but to obtain substantial justice upon the hearing of said motion for a new trial; and he asks until the next term to procure said affidavits.

"JOHN W. LOVETT."

The affidavit of Burson, filed with the affidavit of Lovett, and referred to therein, is as follows:

"George Burson, on his oath, says that on the morning of April 2d, 1874, Sebastian Gross was making a statement, which this affiant was reducing to writing, the said Sebastian Gross saying that he would swear to the same when completed, and make his affidavit in this cause; that when the statement had been partly written, to wit, as much therein as is contained in the paper marked 'Exhibit A,' hereto attached and made a part of this affidavit, which said statement this affiant believes the said Gross will swear to, one G. T. Wickersham, one of the counsel for defendant, came to the door of the room where the said Sebastian Gross was making said statement, and called him, Gross, therefrom, and, after talking some minutes with the said Gross, went away in company with said Gross; and this affiant asked said Gross to complete said statement and subscribe and swear to the same, but said Gross refused, and still doth refuse to complete and swear to the same.

"GEORGE BURSON."

"Exhibit A," referred to in Burson's affidavit, is in these words:

"Sebastian Gross, upon his oath, swears that on the evening of March 30th, and on the morning of March 31st, 1874, and on the day of the progress of the trial of the above entitled cause, John B. Vail, one of the defendants in said cause, asked and invited, at the saloon of this affiant, any one present to take a drink of intoxicating liquors with him, the said Vail; and there were then and there present two of the jurymen, to wit, William Hancock and some one of the others of said jurors, whose name to this affiant is not known."

Burson also made the following affidavits:

"George Burson, upon his oath, says that he is informed and believes that John B. Vail, one of the defendants in the above entitled cause, during the progress of the trial and during the adjournment of the court, offered to, and invited one of the jurors, to wit, William Hancock, to take a drink of intoxicating liquors with him, the said Vail, at the saloon of one Sebastian Gross, in the town of Winamac.

"GEORGE BURSON."

"George Burson, upon his oath, swears that on the evening of the 30th of March, 1874, and during the trial of the above cause, and after the adjournment of court, viz., about $9\frac{1}{2}$ o'clock P. M., this affiant, together with G. T. Wickersham, went to the saloon of one Sebastian Gross, in Winamac, and found there one Thomas B. Lane, together with one of the jurymen, one William Hancock; that while there, the said Lane asked the said Hancock to have a dish of oysters, when he, the said Hancock, remarked that he was 'too full,' or 'too full of beer,' and that the said Lane then remarked that he had just drank five glasses of beer; that, in a few minutes thereafter, some one came to the door of the saloon, when Lane immediately got up and went to the door, and returned, after having talked to the person at the door a few moments, and stated that the defendant John B. Vail was there, and wanted to see him, the said Lane.

"GEORGE BURSON."

Counter affidavits were filed by Vail and Hancock, as follows:

"John B. Vail, being duly sworn, upon oath says that he never invited William Hancock to take a drink of intoxicating liquor with him during the progress of the trial of said cause, at the saloon of Sebastian Gross, in Winamac, Indiana, or at any other place; and that he has been guilty of no misconduct toward the jury in the said cause, during the examination of the same, either with the said Hancock or any other juror. JOHN B. VAIL."

"William Hancock, one of the jurors in said cause, being

duly sworn, upon oath says that he is acquainted with John B. Vail, one of the defendants herein.   He further says that he never drank any intoxicating liquor at the expense of said Vail; that said Vail never invited affiant to drink any intoxicating liquor with him at the saloon of Sebastian Gross, in Winamac, or at any other time or place, during the progress of said cause.   He further swears that he drank very little during the progress of said cause at any time, not enough to affect his mind in any manner, or to impair his capacity to hear, recollect, and determine upon the evidence heard and the justifications" [instructions?] "of the court given in said cause.          WILLIAM HANCOCK."

It does not appear by the record that the court acted upon the application for further time to obtain other affidavits; but whatever the decision might have been as to that, the court, upon proper application made, would have compelled refractory persons to make their affidavits as to such facts as were within their knowledge.   The court has the same power over an affiant to compel his attendance and require him to make his affidavit, as it has to compel the attendance of a witness in a case, and require him to testify orally.   The power of a court cannot be frustrated, nor the ends of justice frittered away, by a stubborn witness or by the misconduct of a party.   *Rater* v. *The State*, 49 Ind. 507.

The facts stated in the affidavits throw grave suspicion on the prevailing party; and it does not seem to us that they have been fairly and fully answered.   True, Vail swears that he has been guilty of no misconduct towards the jury in said cause, but this is simply his judgment of the matter, in a case where he is greatly interested.   The law must be the judge, not the affiant.   He should have stated facts, without evasion or equivocation, which are not capable of two meanings, or which have no meaning at all.   His statements by no means preclude the facts that he did treat the juror Hancock, or cause it to be done, or tamper with him indirectly; they simply go to the fact that he never invited him to drink intoxicating liquors with him.   This is no answer

to the affidavit of Lovett, nor to the second affidavit of Burson. And the charge against Wickersham for inveigling Gross away, so that he might not make his affidavit in the case, is not answered at all. It is true that this occurred after the verdict had been rendered, but the facts point significantly to something beforehand, which Wickersham must have known; otherwise his conduct is inexplicable.

If the facts were not true, he could have denied them by his own affidavit, and also have procured the affidavit of Gross to the same effect. It seems to us that the negations in the affidavits of Vail and Hancock are pregnant with affirmatives. Hancock admits "that he drank very little during the progress of the cause;" and from his own words, as sworn to by Burson, he admitted, while in Gross's saloon, that he was "too full" of something to eat oysters; and this occasion is not free from suspicion that Vail was in some way connected with the matter. These facts could have been denied, if they were not true, by both Hancock and Vail, but they stand uncontradicted. And Hancock's affidavit simply denies that Vail invited him to drink, and that he drunk at Vail's expense. Such statements do not answer the whole charge as made.

In the case of *Davis* v. *The State*, 35 Ind. 496, the law touching this subject is fully discussed. In that case, the bailiff took two of the jurors to a drinking saloon and procured for each of them "a drink of brandy, ginger wine, nutmeg and sugar," which one of the jurors paid for. This was held to vitiate the verdict. The case before us is still stronger, for there the misconduct was on the part of the bailiff and two of the jurors; and here it is on the part of the prevailing party and one of his counsel. The authorities are not uniform, where the alleged misconduct is on the part of the jury or persons not parties to the suit, as to whether it must be further shown that the verdict was thereby affected; but where the misconduct is on the part of the prevailing party, there is no conflict in the authorities. In such cases, the court will set aside the verdict at once, without

any enquiry as to what effect the misconduct had upon the verdict.   It should be firmly held by the courts and known to all litigants, as an inflexible rule of law, that no party to a suit can profit by his own misconduct, and that a verdict rendered under such circumstances will be instantly set aside. In *Knight* v. *The Inhabitants of Freeport,* 13 Mass. 218, the court says, what we fully approve, that "we cannot be too strict in guarding trials by jury from improper influence. This strictness is necessary to give due confidence to parties in the results of their causes; and every one ought to know that for any, even the least, intermeddling with jurors, a verdict will always be set aside."

We deem it unnecessary to cite any other authorities than *Davis* v. *The State, supra,* and those discussed therein; but the student will find the subject fully treated in 1 Graham & Waterman on New Trials, 48, 53, and in Hilliard on New Trials, 198, 252.

We think the court erred in not setting aside the verdict on account of the misconduct of the prevailing party.

Other points made in the case are not decided, as the right to a new trial will follow the reversal of the judgment. They may not arise again.

The judgment is reversed, with costs; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.