WASY *v.* STATE OF INDIANA.

[No. 29,361. Filed November 7, 1956. Rehearing denied January 15, 1957.]

*Robert H. Moore, Bernard Tetek* and *Mario B. Tomsich,* all of Gary, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—The appellant claims she did not receive a fair and impartial trial mainly because of certain alleged improper and highly prejudicial remarks made by the prosecuting attorney, and published over the radio and newspaper, which statements came to the knowledge of the jurors who tried her case. There are other alleged errors coupled with this which are discussed below.

The appellant was charged by affidavit with performing an illegal abortion. A jury found the appellant

guilty; she was fined $1,000, and sentenced to three to fourteen years in the Indiana Women's Prison. On the first day of the trial during the selection of the jury, the prosecuting attorney in open court outside of the presence of the jury, charged that someone on behalf of the defense had tried to bribe a witness, one Dr. Daniel T. Ramker, and that he was offered $5,000 to throw the case against the state of Indiana. The prosecuting attorney stated he did not know who had made the attempt to bribe, but intended to carry on an investigation. Radio broadcasting stations announced over the air as a part of the newscast that day, regularly given, this statement of an attempt to bribe. Two or three of the newspapers carried the same items in more detail in their issues prominently quoting the prosecuting attorney with reference to the bribery charge.

In the motion for a new trial later filed, the additional facts were alleged that the bailiff permitted the jurors to have in the jury room before the jury had been sworn, one of the articles cut from the newspaper regarding the alleged attempt to bribe which was shown to other jurors.

The court overruled a motion to withdraw case from trial, and for a continuance based on the alleged inflammatory statements and publications. The motion for a new trial, among other things, also sets forth that the bailiff of the court exhibited his prejudice against the defendant, and advised and counseled with prosecuting attorney during the trial in the presence of the jury; that the bailiff in calling the names to fill the panel did not take them in the regular order, and in manner listed as drawn from the jury box. When the appellant's motion was filed, the bailiff made the statement in the presence of the court, "The motion should be overruled." Complaint is made also of the fact that prosecuting attorney attempted by questioning over the ob-

jection of the appellant to bring in hearsay conversation of a witness concerning another alleged abortion case resulting in death, and which the court permitted to be related.

The specifications and allegations of fact supported by appellant in the motion for a continuance, and in the motion for a new trial, stood undenied and uncontradicted at the time the court ruled thereon.

The facts show in this case that after the prosecuting attorney made these charges of bribery in open court in the case then proceeding to trial, he took no further action of any sort based upon such charges. He did not support his statement by any request to the court for a citation for contempt against any one, nor for the calling of a grand jury to consider such a criminal offense; nor did he file any affidavit charging anyone with such an offense. What could have been the purpose or motive of the prosecuting attorney in publicly making such a statement? When the witness, Dr. Ramker, was on the stand the prosecuting attorney made no inquiry of him in any fashion with reference to any such alleged attempt to bribe by the appellant, or anyone on behalf of appellant. We can find no plausible or reasonable excuse for a prosecuting attorney making such a charge in open court, and we are compelled to draw the conclusion that it was done with intent to prejudice the accused by the ensuing publicity reaching the prospective jurors.

The Canons of Professional Ethics of the American Bar Association provide:

> "Newspaper publications by a lawyer as to pending or anticipated litigation may interfere with a fair trial in the Courts and otherwise prejudice the due administration of justice. Generally they are to be condemned. If the extreme circumstances of a particular case justify a statement to the public, it is unprofessional to make it anonymously. An

*ex parte* reference to the facts should not go beyond quotation from the records and papers on file in the court; but even in extreme cases it is better to avoid any *ex parte* statement."

A prosecuting attorney certainly has a duty to present the state's strongest case. In doing so, however, he is not licensed to use unethical or inflammatory tactics in an attempt to convict an accused. He has the same duty as a court to see that justice is administered in conformity with the recognized principles of the law. If the prosecuting attorney had any plausible reason for communicating with the court regarding the alleged bribery, this could have been done in the presence of opposing counsel without a public announcement.

The evidence is convincing and undenied that the atmosphere permeating the trial, beginning with the publicity regarding an alleged bribe, and continuing during the trial with the conduct of the bailiff and his activities before and with the jury, was such that the defendant did not receive a fair trial. A bailiff with apparent feeling in a case should not be permitted to select the order in which prospective jurors are called, as challenges are exercised in the jury box; nor should he be permitted to come in contact with the jury where such prejudicial feeling may be demonstrated, or the jury may be influenced. We cannot be too strict in guarding trials by juries from improper influences or prejudicial effects. This strictness is not only necessary in the interest of justice, but to give confidence to the parties in our courts, and in the administration of justice. *Shepherd* v. *Florida* (1951), 341 U. S. 50, 95 L. Ed. 740, 71 S. Ct. 549; *Moore* v. *Dempsey* (1923), 261 U. S. 86, 67 L. Ed. 543, 43 S. Ct. 265; *Huston* v. *Vail et al.* (1875), 51 Ind. 299; *Bessette* v. *The State* (1885), 101 Ind. 85.

Although other errors are specified, we need only concern ourselves with whether or not the accused received a fair and impartial trial. It is not a question, was the defendant guilty? The question is, did she have a fair trial? Under our system of criminal law, a guilty person, as well as an innocent person, is entitled to a fair and impartial trial. No court has the right to assume the guilt of any person accused until that person has been given a fair and impartial trial followed by a finding of guilt. The courts, and all its officials, should be dedicated to these fundamental principles of American justice.

It is true, no formal objections by the appellant were made so far as the record shows to the conduct of the bailiff at the time it occurred, and in itself, standing alone without such objections followed by a failure of the court to take corrective action, would not be grounds for a new trial; however, these specifications are indicative and corroborative of the prejudice which existed during the trial when coupled with the ground properly raised by the motion to withdraw the case from trial, and for a continuance because of the widespread publicity given apparently unfounded charges of bribery by the prosecuting attorney.

The appellant, over objections raised, was forced into a trial before a jury unduly influenced and dominated by surrounding prejudices.

The judgment is reversed with directions to grant the appellant a new trial.

Landis, C. J., and Achor and Emmert, JJ., concur.

Bobbitt, J., dissents.

## ON PETITION FOR REHEARING

ARTERBURN, J.—The appellee has filed a petition for rehearing with counter-affidavits attached thereto by

the prosecuting attorney in which he attempts at this time in this court to put in issue and to contradict certain allegations made in affidavits filed in the court below in support of the motion for a new trial and a motion for a continuance. Our opinion was based in part upon the uncontradicted affidavits filed in the court below. We pointed out in that opinion that the specifications and allegations in the motions stood uncontradicted by reason of the fact that no counter-affidavits were filed or testimony offered on the issue presented in the court below.

Appellee contends, however, that some of the undenied allegations were contained only in the motion for a continuance and not in the motion for a new trial, and that the verified statements and affidavits in a motion for a continuance did not have the standing when uncontradicted as those statements in a motion for a new trial under Rule 1-15 of this court. This rule provides for the filing of affidavits in support of a motion for a new trial and counter-affidavits thereto and then states, "such affidavits shall be considered as evidence without introduction thereof on the hearing on the motion, and shall be a part of the record without a bill of exceptions." We need not go into the question attempted to be raised by the appellee herein for the reason that the affidavit in support of the motion for a new trial, which stands uncontradicted, contains the following language:

"Said petition [for a continuance] set forth all said facts and is filed herewith with the motion for a new trial and *is made a part hereof.*" (Our italics).

Appellee's contention therefore that we have contravened a ruling precedent of this court in going outside the verified statement and affidavits in the motion for a new trial is without merit.

If the prosecuting attorney believed the statements made in the affidavit in support of the motion for a new trial to be untrue, he should have filed the counter-affidavit in the trial court below at that time—and obviously not in this court—after an appeal has been taken, and after a decision has been rendered. We can review only what actually took place in the trial court as shown by the record—not what we or the prosecuting attorney thinks afterwards should have been filed or done and for some reason unknown to us, was omitted or not done below in the trial court.

The petition for rehearing is denied.

Achor, C. J., Emmert and Landis, JJ., concur.

Bobbitt, J., dissents.

NOTE.—Reported in 138 N. E. 2d 1.

Rehearing denied 139 N. E. 2d 438.