WILLIAM M. SHORT *v.* STATE OF INDIANA.

[No. 1-1173A197. Filed June 17, 1974.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Appellant, William M. Short brings this appeal from a denial of his petition for post-conviction relief. The sole issue presented for review is whether the trial court erred in finding that Short had failed to overcome the presumption that his counsel provided adequate and effective representation. For reasons given below, we affirm the decision of the trial court.

The facts relevant to this appeal are as follows: On April 17, 1970, Short was charged by affidavit with inflicting physical injury during commission of a robbery. The court on its own motion entered a plea of not guilty and appointed counsel for Short. On September 28, 1970, Short entered a plea of guilty to the lesser-included offense of robbery. The

trial court accepted the plea and sentenced Short to the Indiana Reformatory for not less than five (5) nor more than twenty (20) years. On October 20, 1972, Short filed a petition for post-conviction relief alleging that he was denied adequate and effective assistance of counsel. The petition was denied and this appeal follows.

Ind. Rules of Procedure, Post-Conviction Remedy Rule 1 places the burden of proof on petitioner:

"The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence." Post-Conviction Remedy Rule 1, § 5.

The trial court held that Short had failed to meet his burden of proof. On appeal Short seeks relief from that negative judgment. In reviewing the trial court's decision, we cannot weigh the evidence. We may reverse only if the judgment is contrary to law; that is, only if the evidence is all one way and but one reasonable conclusion could be reached from the facts and the trial court has reached a contrary conclusion. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219.

The evidence presented at the hearing is conflicting and does not require the conclusion that Short's counsel was inadequate or ineffective.

There is a presumption that counsel appointed and accepted by the court to represent a defendant is competent. This presumption may be overcome only by showing that the attorney's actions made the proceedings a mockery and shocking to the conscience of the court. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; *Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E.2d 643. Short had the burden of rebutting this presumption by strong and convincing proof. *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231.

· Short's testimony contained general allegations of incompetency. He testified that he had difficulty in seeing his court appointed counsel and that when he did see him, he could talk with him for only a few minutes. Also Short testified that he plead guilty because he believed that his counsel could do nothing for him.

In contrast to these general allegations, there was specific evidence that Short's counsel was experienced in criminal work; that he talked to Short several times before the guilty plea was entered; that he conducted an investigation of the facts of the incident and of the procedural aspects of the arrest and confinement; that he concluded that the evidence was overwhelming, discussed this with Short and successfully negotiated, with Short's permission, a plea bargain whereby Short obtained a shorter sentence; and that after sentencing he successfully resisted an effort by the prosecutor to increase Short's sentence.

In light of this evidence we cannot say that the judgment of the trial court is contrary to law.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 312 N.E.2d 144.