LEROY JAMES BAKER v. STATE OF INDIANA.

[No. 773S135. Filed December 2, 1974.]

544

■■■■■■■

*Harriette Bailey Conn,* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Defendant's petition for post-conviction relief from a 1961 Second Degree Murder conviction was denied, and he appeals. Reviewing a denial of post-conviction relief, we should not weigh the evidence nor judge the credibility of witnesses. If the evidence is without conflict and leads to but one reasonable conclusion and the trier of fact—the trial judge in a post-conviction hearing—has reached a contrary conclusion, then, and only then, will the decision of the trial judge be disturbed. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499 and cases cited therein.

The first issue which defendant raised at his post-conviction hearing was that the representation of his attorney, both at trial and on appeal, was incompetent. While each case of alleged incompetency must turn upon its own particular facts, *Thomas* v. *State* (1969), 251 Ind.

546, 242 N.E.2d 919; nevertheless, trial counsel is presumed to be competent. *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418; *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Hoskins* v. *State, supra.* This presumption can be overcome only if it can be established that what the attorney did or failed to do made the proceedings a mockery and shocking to the conscience of the court. *Payne* v. *State, supra.*

The probative evidence introduced by defendant to prove his counsel's incompetence at trial focused upon counsel's failure to object to an alleged conversation between a juror and the prosecutor. Opposing this evidence is the prosecutor's denial of the occurrence of the conversation. The hearing officer was thus presented with conflicting testimony as to the existence of any factual basis for a claim of incompetency. The decision of the hearing officer in a post-conviction relief proceeding on a question of fact will be set aside only if it is contrary to law. Since appellant has failed to demonstrate that the hearing officer's conclusion is contrary to law, we do not reach the merits of appellant's claim.

In regard to the handling of the appeal, Defendant's claim of incompetency of counsel is based on the fact that in the motion for new trial twenty-one (21) errors were alleged, but on appeal only four (4) of these were supported by substantial argument. Therefore, under its then Rule 2-17 (e) and (f) this Court deemed the other seventeen (17) alleged errors waived. *Baker* v. *State* (1963), 245 Ind. 129, 195 N.E.2d 91. However, Defendant alleges only that he was prejudiced by the failure of his attorney to properly present an argument concerning the admissibility of a confession. Since, as we point out below, there is no merit in this argument, we conclude that any inadequacy of representation did not prejudice Defendant.

Defendant's second issue is that the signed confession which was used at trial against him was a product of coercion. The

State in its Brief in support of the hearing judge's determination that the confession was voluntary referred us to numerous parts of the trial transcript which purportedly contradicted the allegations of coercive treatment made by the Defendant at his post-conviction hearing. However, the State neglected to make the trial transcript a part of the record for this appeal. Nevertheless, that transcript was made a part of the post-conviction hearing by reference, and our independent examination of that transcript indicates that it was not unreasonable for the hearing judge to conclude that the confession was voluntary.

Defendant's final issue is that since his post-conviction hearing assertion that he and the trial judge were related within the sixth degree of consanguinity was unrefuted the following statute should be construed to have deprived that trial judge of jurisdiction:

> No judge of any court shall preside in or try any criminal cause, where he is related to the defendant by marriage or by blood, within the sixth degree of the consanguinity, nor where he has been of counsel in the cause, either for the state or for the defendant; and in either of such cases it shall be the duty of the regular judge to select a special judge to try such cause.

IC 1971, 35-1-25-2 [*Burns Ind. Ann. Stat.* § 9-1303 (1956 Repl.)].

The State points out that inasmuch as Defendant was aware prior to trial of the relationship and did not ask for a disqualification or call the relationship to the judge's attention, the following statute creates a waiver situation.

> The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute:
>
> * * *
>
> Eleventh. When a person is required to be disinterested or indifferent in acting on any question or matter affecting other parties, consanguinity or affinity within the sixth degree, inclusive, by the civil law rules, or within the degree

· of second cousin, inclusive, shall be deemed to disqualify such person from acting, *except by consent of parties.* (Emphasis added.)

IC 1971, 1-1-4-1 [*Burns Ind. Ann. Stat.* § 1-201 (1956 Repl.)]. Furthermore, the section relied on by Defendant is followed by a section which states that if a prosecuting attorney shall file a written motion showing either of the grounds for disqualification, the "judge shall thereupon cease to preside . . . and shall select a special judge to preside therein, as in other cases of change of venue." IC 1971, 35-1-25-3 [*Burns Ind. Ann. Stat.* § 9-1304 (1956 Repl.)]. It seems evident, therefore, that the primary intent of the legislature was, as would be logical, to give the State an option to prevent a defendant from receiving the *benefit* of a trial by a relative. In fact, in this case defendant has neither alleged nor proved that he was prejudiced by the conduct of this judge who is purportedly a fourth cousin. The statutes in question are not jurisdictional; they create a right to remedial action in situations fraught with possibilities of conflict of interest. A party knowing of his remedy may not wait and see, then complain if he is disappointed in his expectations.

For all of these reasons, the appeal is denied.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 319 N.E.2d 344.