JESSE BARKLEY STURGEON *v.* STATE OF INDIANA.

[No 1-674A93.  Filed April 1, 1975.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Sturgeon is appealing from the denial of his petition for post-conviction relief. His sole contention is an allegation of incompetent counsel based upon the small number of attorney-client conferences and the short amount of time between his arraignment and guilty plea.

We find no reversible error.

On August 1, 1972, Sturgeon was charged with second degree burglary. Counsel was appointed on that date with Sturgeon entering a guilty plea to the lesser included offense of entering to commit a felony eight days later. On that plea Sturgeon was sentenced to one to five years.

The basis of Sturgeon's petition for post-conviction relief are the allegations that his attorney did not take sufficient time to properly investigate his case or to evaluate available alternatives.

At the hearing for post-conviction relief Sturgeon testified that he met with his attorney on only two occasions and for just a short time at each meeting. However, his court appointed counsel testified that he had three conferences with his client and that one lasted over an hour during which he fully explained the nature of the charges, constitutional rights involved, and the advisability of pleading guilty.

In reviewing a denial of post-conviction relief, this court may not weigh the evidence or judge the credibility of witnesses. We may not disturb a determination of fact unless the evidence is without conflict and leads to but one conclusion contrary to that reached by the trial judge. *Baker* v. *State* (1974), 262 Ind. 543, 319 N.E. 2d 344.

It cannot be disputed that Sturgeon's guilty plea was entered only nine days after he was arrested. However, that fact does not necessarily lead to the conclusion that counsel did not take sufficient time to investigate the case and ade-

quately advised his client of his alternatives. Each case must turn upon its own particular facts. *Baker* v. *State* (1974), 262 Ind. 543, 319 N.E.2d 344; *Thomas* v. *State* (1969), 251 Ind. 546, 242 N.E.2d 919; *Daniels* v. *State* (1974), 160 Ind. App. 582, 312 N.E.2d 890.

Moreover, there is a presumption that counsel appointed by the court to represent a defendant is competent. This presumption may be overcome only by a showing that the attorney's actions made the proceedings a mockery and shocking to the conscience of the court. *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; *Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E.2d 643.

The evidence relied upon by Sturgeon to support his allegation of incompetency falls far short of the strong and convincing proof necessary to rebut the presumption of competency. Our review of this case reveals that Sturgeon was adequately and effectively represented.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.