CHARLES JACKSON RAY *v.* STATE OF INDIANA.

[No. 1-774A112] Filed September 4, 1975.]

*Hariette Bailey Conn*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *John R. O'Bryan*, Deputy Attorney General, for appellee.

LYBROOK, J.—Appellant Charles Jackson Ray appeals the denial of his Petition for Post-Conviction Relief. Ray was

convicted of manslaughter for the death of his wife after a jury trial, and received a sentence of not less than two (2) nor more than twenty-one (21) years. He appealed that conviction, and it was affirmed by this court in *Ray* v. *State* (1973), 155 Ind. App. 136, 291 N.E.2d 562.

Ray's present appeal raises three issues:

(1)ʹ Whether the defendant was denied a fair trial because the bailiff testified on behalf of the state.

(2) Whether certain omissions from the transcript denied the defendant adequate access to records upon which to base an appeal.

(3) Whether the defendant was represented by competent counsel.

After his unsuccessful appeal Ray filed a *pro se* petition for Post-Conviction Relief. At the hearing the gist of Ray's testimony was that the transcript of the original trial was incomplete, that the bailiff in charge of the jury, the former sheriff, had testified at the trial for the State and that the attorney who defended him had not adequately represented him. Arthur Dillard, the trial prosecutor, and Farrell Fields, the bailiff, also testified at the PCR hearing, at the conclusion of which the court made findings of fact and conclusions of law denying defendant the relief sought.

## I.

Ray's first argument concerns the fact that the bailiff testified for the State at the original trial. He maintains that allowing a State's witness to act as bailiff brings him in close contact with the jury in án official capacity and therefore denies a fair trial. In support of his contention Ray relies upon *Turner* v. *State of Louisiana* (1965), 379 U.S. 466, 85 S. Ct. 546, 13 L. Ed. 2d 424 and *Wasy* v. *State* (1956), 236 Ind. 215, 138 N.E.2d 1.

In *Turner* the United States Supreme Court reversed the defendant's murder conviction because two *key* witnesses, both deputy sheriffs, had custody of the jury which was sequestered throughout the trial. The deputies had been instrumental in

the arrest of the defendant, the recovery of certain physical evidence and one of them had played a part in inducing the defendant's confession. The facts in the case at bar are readily distinguishable from *Turner*. In the record before us there is nothing to indicate that Fields was a *key* witness for the State. Apparently his name was on a list of witnesses furnished the defendant and it further appears that he did, in fact, testify at trial. However, at the PCR hearing Ray's counsel failed to question Fields about his knowledge and involvement in the case or the nature of his testimony at trial. Fields had testified that he had not discussed the case with the jury.

Defendant also relies on *Wasy* v. *State, supra,* wherein the bailiff committed several prejudicial acts, including allowing prospective jurors to read an inflammatory newspaper article about the defendant. *Wasy* was reversed on other grounds, but concerning the misconduct of the bailiff, our Supreme Court said:

". . . no formal objections by the appellant were made so far as the record shows to the conduct of the bailiff at the time it occurred, and in itself, standing alone without such objections followed by a failure of the court to take corrective action, would not be grounds for a new trial . . ."

As in *Wasy*, there was substantial evidence in the case at bar that defense counsel failed to object either to Field's testimony or to his acting as bailiff at the time of trial. Further, there is absolutely no showing of prejudice to the defendant resulting from either the testimony or actions of the bailiff. While we feel that the practice of permitting a bailiff to appear in the dual roles of witness and bailiff should be abrogated, we agree with the conclusion of the trial judge that defendant herein was not denied a fair trial under the circumstances in this case.

Ray bore the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure,

Post-Conviction Remedy Rule 1, SECTION 5. An ██ unsuccessful petitioner stands in the position of one appealing from a negative judgment. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

In *Berry* v. *State* (1975), 163 Ind. App. 17, 321 N.E.2d 571, our court recently held:

"An allegation of insufficient evidence does not present an appealable issue. Instead, a negative judgment may be attacked only as being contrary to law. *Link* v. *Sun Oil Co.* (1974), [160], Ind. App. [310], 312 N.E.2d 126; *Engelbrecht* v. *Property Developers, Inc.* (1973), [156] Ind. App. [354], 296 N.E.2d 798.

"When a judgment is attacked as being contrary to law the reviewing court may consider only that evidence which is most favorable to the judgment of the trial court, together with all reasonable inferences to be drawn therefrom. *Heminger* v. *Police Com'n of City of Fort Wayne* (1974), [161] Ind. App. [72], 314 N.E.2d 827; *Link* v. *Sun Oil Co.,* *supra.*"

The conclusion of the trial court was supported by the evidence and was not contrary to law. Therefore, Ray's attack ██ under the first issue must fail.

## II.

Defendant next contends that the transcript of the trial contained so many omissions that it was tantamount to no transcript at all. It is conceded that certain portions of the evidence are missing because of malfunction in the recording equipment made parts of the record inaudible.

Ray relies upon *Hardy* v. *U.S.* (1963), 375 U.S. 277, 84 S. Ct. 424, 11 L. Ed. 2d 331 as requiring dismissal of the case against him. *Hardy* involved a pauper defendant ██ who was furnished a transcript of only that part of the evidence introduced by the government. Therefore, it is not in point. Even before the advent of the new Rules of Procedure, it was well settled in Indiana that a defective or incomplete transcript could be corrected by certiorari. *Kain* v. *State* (1955), 234 Ind. 160, 125 N.E.2d 436. Ind. Rules of Procedure, Appellate Rule 7.2(A)(3)(c) pro-

vides for the preparation and approval of a statement in the event all or part of the evidence is not being reported or if a transcript is unavailable. In addition thereto, Rule AP. 7.2 (C) provides for certiorari, stating:

"(C) *Correction or Modification of the Record.* If, on appeal, any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident, or is misstated therein, the trial court shall

(1) either before or after the record is transmitted to the court on appeal, or

(2) upon the order of the court of appeal pursuant to a properly filed petition for certiorari

correct the omission or misstatement and if necessary certify and transmit a supplemental record."

Where matters have been omitted from the record it is incumbent upon the appellant to seek the remedy of certiorari to correct the error as provided in AP. 7.2(C) and failing this, the error cannot be asserted. *Ladd* v. *Review Board of Indiana Employment Security Division* (1971), 150 Ind. App. 632, 276 N.E.2d 871. In *Glenn* v. *State* (1972), 154 Ind. App. 474, 290 N.E.2d 103, this court held that a criminal defendant had an adequate remedy to correct the record under AP. 7.2(A) (3) (c). See also, *Quinn* v. *State* (1972), 258 Ind. 399, 281 N.E.2d 478.

The application of the above provisions of the rule is summed up in *Dunbar* v. *State* (1974), 160 Ind. App. 191, 311 N.E.2d 447, wherein the court said:

"In such a situation as this, the appealing party is not left without a remedy. By its Rules AP. 7.2(A) (3) (c) and 7.3, the Supreme Court has provided a procedure whereby in those instances in which a transcript of the evidence is unavailable, or when an appeal can be determined without a consideration of all the pleadings, evidence and proceedings below, the parties may fabricate a transcript of the evidence or a statement of the case, have the same approved and settled by the trial judge, filed by the trial court clerk and certified to the Court on appeal as the record on appeal."

Ray's remedy was clear but he did not avail himself of it. Therefore, his second argument fails.

### III.

Ray's final contention, that his trial counsel was incompetent, is grounded in the same subject matter as the first two issues. First, he claims that his counsel was incompetent because he failed to object to the testimony of the bailiff. Secondly, he attempts to argue that his counsel demonstrated further incompetence by signing a supplemental transcript of certain trial proceedings.

The trial court specifically found that Ray failed to establish by a preponderance of the evidence that his counsel failed to adequately discharge his duty. The burden of proof rests on the petitioner. PCR Rule 1, § 5. Since Ray is appealing from a negative judgment, we must view that evidence most favorable to the trial court's judgment. *Berry* v. *State, supra.* Further, this court noted in *Berry* that:

"The mere fact that another attorney might have acted differently is not sufficient. Isolated poor strategy, bad tactics, mistake, carelessness or inexperience does not make trial counsel incompetent. Instead, it must be shown that counsel's actions have made a mockery of justice and shocked the conscience of the court."

We must presume that trial counsel discharged his duties fully and competently in representing his client. *Colvin* v. *State* (1975), 262 Ind. 608, 321 N.E.2d 565; *Baker* v. *State* (1974), 262 Ind. 543, 319 N.E.2d 344; *Short* v. *State* (1974), 160 Ind. App. 403, 312 N.E.2d 144. This presumption may be overcome only by strong and convincing proof that the attorney's actions made the proceedings a mockery of justice and shocking to the conscience of the court. *Colvin* v. *State, supra; Robertson* v. *State* (1974), 262 Ind. 562, 319 N.E.2d 833; *Short* v. *State, supra,* and *Johnson* v. *State* (1973), 157 Ind. App. 372, 300 N.E.2d 369. Furthermore, the issue of incompetent counsel turns on the facts of

each case. *Greer* v. *State* (1975), 262 Ind. 622, 321 N.E.2d 842; *Baker* v. *State, supra.*

In the present case, Ray has failed to specify to this court how he was injured by the bailiff acting in his dual capacity.

Counsel at the PCR hearing failed to even question the bailiff as to his connection with the case or his testimony at the original trial. We cannot state as a matter of law that the proceedings were a mockery of justice and shocking to our conscience, since a basis for such a conclusion does not exist in the record.

Ray's final contention, that his attorney showed incompetence in signing a supplemental transcript is also untenable. The purpose of the supplemental transcript was to supply omissions in the record concerning the admission of certain exhibits. Ray's counsel was merely assisting the judge, prosecutor and court reporter in an attempt to compile a true and accurate record. He performed this particular act in obedience to an order of this court. For obvious reasons this also does not shock our conscience.

The conclusions of the trial court were supported by sufficient evidence and the judgment was not contrary to law.

Affirmed.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 333 N.E.2d 317.