Richard **BELL**, Defendant-Appellant,

v.

**STATE of Indiana**, Plaintiff-Appellee.

No. 3–1179A305.

Court of Appeals of Indiana, Third District.

Aug. 6, 1980.

---

Kenneth R. Watson, Williamsport, for defendant-appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Richard Bell was convicted by a jury of maintaining a common nuisance,[1] a Class D felony, and was sentenced to four years imprisonment. His only allegations of error concern the propriety of his sentence.[2]

Upon finding certain aggravating circumstances, the trial court raised the basic sentence of two years for Class D felonies to the maximum four years as authorized by IC 35–50–2–7(a) (Supp.1979). Bell contends that error occurred in the sentencing hearing when the trial court, over his objection, allowed two police officers to testify about certain criminal activity on his part for which no charges were ever filed. We know nothing more about the substance of this alleged testimony because a transcript of the sentencing hearing was not included in the record. The state argues that the issue should therefore be waived.

It is the duty of the appellant to present an adequate record to this appellate court. *Fox v. State* (1979), Ind.App., 384 N.E.2d 1159. An error alleged but not disclosed by the record is not a proper subject for review. *Faught v. State* (1979), Ind., 390 N.E.2d 1011.[3] Bell makes no assertion as to how the testimony harmed or prejudiced him. Thus, the only potential issue for our consideration is whether it is improper per se for police officers in a sentencing hearing to testify from their own

1. IC 35–48–4–13(b) (Supp.1979). The evidence disclosed Bell's residence was used for distribution and use of controlled substances.

2. In a portion of one argument, Bell complains that the state did not fully comply with a pretrial discovery order. This claim is waived for failing to assert it in his motion to correct errors. *Morris v. State* (1979), Ind., 384 N.E.2d 1022.

3. Bell's only response to his failure to include the sentencing hearing transcript is that he asked for it but that it was not provided. However, where matters have been omitted from the record it is incumbent upon the appellant to seek the proper remedy of certiorari to correct the error as provided in Appellate Rule 7.2(C). *Stewart v. State* (1976), Ind.App., 354 N.E.2d 749; *Ray v. State* (1975), 165 Ind.App. 601, 333 N.E.2d 317.

personal knowledge [4] about a defendant's prior criminal misconduct for which he was not prosecuted.

In *Griffin v. State* (1980), Ind., 402 N.E.2d 981, the defendant contended that the trial court improperly considered a robbery which he committed but for which he was never tried when it sentenced him to an additional term of imprisonment for aggravating circumstances. Our Supreme Court responded,

> "This Court settled this issue in *McNew v. State* (1979), Ind., 391 N.E.2d 607, and *Gardner v. State* (1979), Ind., 388 N.E.2d 513. We held in those cases that the presumption of innocence does not extend to sentencing proceedings, and that a sentencing judge does not err in considering a prior arrest or prior criminal activity which has not been reduced to a conviction."

*Id.* at 983.

IC 35–4.1–4–7(a) (Supp.1979) provides that in determining what sentence to impose for a crime, the trial court must consider, among other things, the character and condition of the defendant. Furthermore, IC 35–4.1–4–7(c) (Supp.1979) permits the court to consider, as an aggravating circumstance, the defendant's history of criminal activity. No requirement of a prosecution or conviction is mentioned. In addition, IC 35–4.1–4–7(d) (Supp.1979) makes it clear that the list of aggravating factors found in IC 35–4.1–4–7(c) is not meant to be exclusive. *Wolfe v. State* (1978), Ind., 383 N.E.2d 317. We believe that the subject matter of the testimony was proper for the trial court to consider in making its determination of sentence. There was no error here.

■ Bell next contends that the trial court erred in failing to take into account mitigating circumstances when it imposed sentence. However, he has not directed our attention to the existence of any such circumstances. His entire argument consists of the bald claim that "the trial court could have considered favorable factors in the criteria for sentencing as set forth in IC 35–4.1–4–7(b)." Such an assertion presents nothing for review. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).[5]

■ Bell also argues that his sentence was manifestly unreasonable in light of the nature of the offense and the character of the offender. As long as the sentence authorized by law is not manifestly unreasonable, we will not disturb the trial court's determination. *Kyles v. State* (1979), Ind. App., 391 N.E.2d 642. Rule two of the Rules for Appellate Review of Sentences states that a sentence is not manifestly unreasonable "unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." *Perry v. State* (1980), Ind.App., 401 N.E.2d 792.

The trial court explained its sentence in these terms,

> "[T]he court now upon the jury verdict of guilty herein finds that the defendant, Richard Bell, is guilty of the offense of maintaining a common nuisance, a Class D felony, and that for the reasons set forth in the record part of which are the prior criminal record of the defendant herein, his prior conduct, the nature of the offense herein particularly since the same involves juveniles, the fact that this offense was committed while the defendant was out on bond in regard to another felony charge and the fact that the defendant has a prior felony conviction, the court now finds that the defendant should be and hereby is sentenced to the Indiana Department of Corrections for a term of four years, the court having found that said standard sentence of two years should be aggravated up to the four year sentence herein imposed herein."

---

4. Bell does not argue that the officer's information was based on hearsay.

5. IC 35–50–2–7 (Supp.1979) makes provision for increasing punishment for Class D felonies if aggravating circumstances are found but makes no corresponding provision for mitigating circumstances. However, it does give the trial court discretion to treat a Class D felony conviction as a Class A misdemeanor conviction and to sentence accordingly.

(Record, p. 37). Bell does not contest the validity of these findings. The sentence was in accordance with the applicable statute and within the trial court's discretion. We do not believe that it is manifestly unreasonable.

Judgment affirmed.

STATON and HOFFMAN, JJ., concur.