**Clifford T. SALK, Appellant,**

v.

**Leonard M. WEINRAUB, Robert W. Hunter, John L. Andreas, Hanna L. Stith, and Henry F. Rood, all as members of and constituting the Fort Wayne Redevelopment Commission of the City of Fort Wayne, Department of Redevelopment, Appellees.**

**No. 479 S 111.**

Supreme Court of Indiana.

June 15, 1979.

Gary M. Cappelli, James R. Grossman, Grossman, Scrogham & Cappelli, Fort Wayne, for appellant.

Richard D. Robinson, Thomas D. Logan, Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, for appellees.

## OPINION AND ORDER ON PETITION TO TRANSFER

GIVAN, Chief Justice.

In August 1977, the Fort Wayne Redevelopment Commission adopted a Declaratory Resolution indicating preliminary approval of the "Civic Center Renewal Project" in downtown Fort Wayne. Pursuant to IC § 18–7–7–14 [Burns 1974], the Commission held public hearings, after which a second resolution was adopted to confirm the initial approval. Appellant filed an action in the trial court to set aside the administrative finding. The trial court affirmed the decision of the Commission in all respects. Following the filing of all briefs in the Court of Appeals, appellees filed a petition to transfer the cause under

AP 4(A)(10). Because this concerns a project of great public interest requiring speedy resolution, we have granted transfer. See *Hawley v. South Bend, Dept. of Redevelopment* (1978) Ind., 383 N.E.2d 333. For the reasons which follow, we remand this cause to the trial court with instructions to enter special findings of fact and conclusions of law.

■ Appellant alleges the trial court applied the wrong review standard in adjudging the propriety of the Commission's action. Since the trial court on remand will be required to utilize a review standard, we will decide this question as herein presented. IC § 18–7–7–15 states: "the only ground of remonstrance which said court shall have jurisdiction to hear shall be the question whether the proposed project will be of public utility and benefit . . . ." However, in Indiana there is a constitutional right to judicial review of an administrative decision. *Warren v. Indiana Telephone Co.* (1940) 217 Ind. 93, 26 N.E.2d 399. Thus the right of the trial court to review the proceedings of the Redevelopment Commission cannot be limited to the question of public utility and benefit. *Hawley v. South Bend, Dept. of Redevelopment* (1978) Ind., 383 N.E.2d 333; *Prunk v. Indpls. Redevelopment Comm.* (1950) 228 Ind. 579, 93 N.E.2d 171. While the *Warren* case established standards so that review of administrative agencies would comport with the minimum requirements of due process of law, these standards have now been superseded by the Administrative Adjudication Act, IC § 4–22–1–1 *et seq.* [Burns 1974]. This Act applies to all agencies, boards, commissions, departments and bureaus of the State of Indiana and is intended to establish a uniform method for judicial review of administrative decisions. See IC § 4–22–1–1, 2. While the Redevelopment Commission is a local agency ostensibly not within the Act, we think the trial court in such a case should have the discretion to apply IC § 4–22–1–18:

"If such court finds such finding, decision or determination of such agency is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2) Contrary to constitutional right, power, privilege or immunity; or

"(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4) Without observance of procedure required by law; or

"(5) Unsupported by substantial evidence, "the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed."

In the case at bar the trial court applied the standards in the above statute. In so doing it found that the project would be of public utility and benefit. The trial court did not err in applying the statutory review standard.

■ Appellant further argues however that the trial court's findings of fact were insufficient in that the trial court in its order failed to specifically delineate in what respects appellant had failed in his burden of proof. TR 52(A) provides:

"The court shall make special findings of fact without request

\*　　\*　　\*　　\*　　\*　　\*

"(2) in any review of actions by an administrative agency . . . ."

IC § 4–22–1–18 further provides:

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

As a general rule, the requirement of "special findings of fact" or the "relevant facts shown by the record" is taken to mean all the facts necessary for a judgment for the party in whose favor the conclusions of law are rendered. *Hunter v. Milhous* (1973) 159 Ind.App. 105, 305 N.E.2d 448. However, the trial court need not recite the evidence in detail so long as the ultimate facts found

are stated in the findings. *Eckart v. Fort Wayne, etc., Traction Co.* (1914) 181 Ind. 352, 104 N.E. 762; *Diedrich v. Way* (1918) 67 Ind.App. 375, 119 N.E. 223.

■ The order entered by the trial court in the case at bar is as follows:

"This cause came on for trial on the Petition of Clifford T. Salk, the Remonstrator below (Petitioner), who filed his Petition and Request for Judicial Review of an Order of the Fort Wayne Redevelopment Commission of the City of Fort Wayne, Department of Redevelopment (the Commission), and in accordance with the requirements of IC 4–22–1–18 the Court now makes the following:

"*Findings of Fact*

"1. The Petitioner is the owner of Parcel No. 4 in Block No. 2 as described in the Property Owners Map, Civic Center Renewal Project, being part of the Urban Renewal Plan adopted by Respondents, the Fort Wayne Redevelopment Commission, as described in Declaratory Resolution No. 77–38 of said Fort Wayne Redevelopment Commission (Civic Center Renewal Project).

"2. The Commission is a legal entity created by virtue of and pursuant to the provisions of Indiana Code 18–7–7–1, known as the 'Redevelopment of Cities and Towns Act of 1953.'

"3. That on August 17, 1977 the Commission adopted a Declaratory Resolution known as 'Declaratory Resolution, Civic Center Renewal Project, Resolution No. 77–38.'

"4. That on October 10, 1977, the Commission held a public hearing pursuant to the provisions of Indiana Code 18–7–7–14, at which time Petitioner appeared and filed with the Commission a written remonstrance to the said Declaratory Resolution.

"5. That on October 10, 1977, the Commission entered a confirmatory resolution and order adopting and confirming Declaratory Resolution, Civic Center Renewal Project, Resolution No. 77–38.

"6. The Petitioner is aggrieved by the final action taken by the Commission and within ten (10) days after such final action was taken, filed in the office of the Clerk of this Court a copy of the orders of the Commissioners and his remonstrance thereto, together with a bond conditioned to pay the cost of such appeal should this appeal be determined against them.

"7. This appeal is filed pursuant to the provisions of the Administrative Adjudication Act of Indiana, IC 4–22–1–1, and this Court has jurisdiction to hear and determine the matters presented by such appeal pursuant to the provisions of IC 4–22–1–18.

"8. The Petitioner has not sustained the burden of proof that the Commission erroneously concluded that the Civic Center Renewal Project would be in the public utility and benefit under IC 18–7–7–15.

"9. The finding, decision and determination of the Commission was not:

"(a) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(b) Contrary to constitutional right, power, privilege or immunity; or

"(c) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(d) Without observance of procedure required by law; or

"(e) Unsupported by substantial evidence, under IC 4–22–1–18.

"10. That the proposed project of the Commission will be of public utility and benefit to the City of Fort Wayne, Indiana and to the citizens thereof.

"ORDER

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the final action of the Commission on said Declaratory Resolutions be and is hereby confirmed."

Paragraphs one through seven merely recite the events leading to the resolution of the issues by the trial court. Paragraphs eight, nine and ten are conclusions of law.

The trial court has not set forth in what manner Petitioner Salk failed in his burden of proof as to each of the issues raised in the remonstrance. This cannot satisfy the requirement of "special findings of fact" encompassing the "relevant facts shown by the record."

It might be argued that the case of *Hawley v. South Bend, Dept. of Redevelopment* (1978) Ind., 383 N.E.2d 333, impliedly permits this Court to review the conclusions on their merits. In that case, the Commission in its resolution had stated only the ultimate facts but had failed to set forth the underlying facts and grounds for its decision. We held that since there was an ample record of the Commission's hearings, the purpose of facilitating judicial review had been served. Hence, it was not necessary to reverse and remand the decision of the Commission for additional fact-finding. In the case at bar, however, the trial court has set forth neither ultimate facts nor underlying facts. Mere conclusions of law have been stated.

Nor can it be said that the facts here are undisputed as to bring the case within that exception to the requirement of findings. It is a principle of law in the federal courts that when the record as a whole presents a set of undisputed facts, the question is essentially a matter of law. In such a case the cause need not be remanded even though the trial court made no special findings of facts. *Yanish v. Barber* (9th Cir. 1956) 232 F.2d 939. In the case at bar, however, there is a conflict in the facts bearing upon the critical issue of whether the Commission was justified in including Block II in the redevelopment project. Various witnesses called by the petitioner owned or rented space in buildings located in Block II. The sum of their testimony was to the effect that their businesses were viable and that their buildings were in good condition. Of particular importance is the testimony of John Jamison, Jr., a real estate appraisal expert. It was Jamison's professional opinion that any obsolescence in Block II was curable and that leaving the buildings in Block II intact would be beneficial to the redevelopment project. It is apparent that the trial court considered this evidence along with that introduced by the respondents, and concluded that the petitioner had failed in his burden of proof. However the mere conclusion will not suffice. In order that a court on appeal may properly review the trial court's decision in this kind of case, TR 52(A) and IC § 4–22–1–18 require the trial court to resolve such fact issues by writing findings of fact encompassing the relevant ultimate facts in the record. We therefore must remand this case to the trial court for the entry of findings of fact in support of its decision.

An appellate court possesses the inherent power to award *sua sponte* a writ of *certiorari* in order to complete or correct the record on appeal. *Montgomery Ward & Co., Inc. v. Thalman* (1950) 228 Ind. 486, 89 N.E.2d 220; *Kesler v. Myers* (1873) 41 Ind. 543; *Brown v. Osborne* (1818) 1 Blackf. 32. In a case where the necessary findings are lacking, the court on appeal need not dismiss the appeal but may, in its discretion, remand the case to the trial court for the appropriate findings of fact. *Irish v. U. S.* (9th Cir. 1955) 225 F.2d 3. The appeal may then be held in abeyance until the findings are made and certified to the Clerk of this Court. *Harmon v. Arthur* (1963) 134 Ind. App. 526, 189 N.E.2d 719.

Accordingly, it is hereby ordered that this cause be remanded to the Allen Superior Court, the Honorable Robert L. Hines, Judge, for the entry of special findings of fact and conclusions of law in support of its original decision. These findings shall be filed within thirty (30) days of the receipt of this opinion and shall encompass the relevant ultimate facts shown by the record on all the issues raised by Petitioner Salk. Upon the entry of such findings, the clerk of the Allen Superior Court shall certify them to the Clerk of this Court. Said findings shall, when certified and received, become a part of the record in this cause. Pending the filing of such findings, this appeal shall be held in abeyance.

So ordered.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.