Thomas Eugene STUTZMAN,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 4–681A19.

Court of Appeals of Indiana,
Third District.

Nov. 10, 1981.

Rehearing Denied Jan. 7, 1982.

David L. King, Kendallville, for defendant-appellant.

---

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

On July 28, 1971 the appellant Stutzman attempted to have intercourse with a nine year old girl but was interrupted by people searching for the girl. Stutzman was later arrested. On August 3, 1971 in the La-Grange Circuit Court Stutzman waived formal arraignment and entered a plea of guilty to the offense of assault and battery with the intent to satisfy sexual desires with a child under the age of 12 years. Stutzman was then committed to a hospital for the purpose of determining whether he was a criminal sexual deviant. In February of 1972 the hospital determined that Stutzman did not fall within the definition of a criminal sexual deviant. Subsequently on May 9, 1972 Stutzman appeared in La-Grange Circuit Court for sentencing with new counsel because the attorney who had entered the plea in August of 1971 had withdrawn from the case. The court sentenced Stutzman to be imprisoned for not less than two years nor more than 21 years.

On July 31, 1980 the appellant filed a petition for post conviction relief in the LaGrange Circuit Court, requesting that his guilty plea be set aside or vacated and that a plea of not guilty be entered and a trial held on the charges against him. The merits of the petition were considered at a hearing held on December 15, 1980. On December 31, 1980 the LaGrange Circuit Court entered thoroughly detailed findings and conclusions and denied Stutzman relief. Stutzman now appeals from that decision.

The appellant in his brief urges fifteen specifications for review. Because of the controlling nature of one question we confine our opinion to it.

The essence of Stutzman's post conviction relief petition is that the record of his guilty plea proceeding fails to adequately demonstrate a knowing and intelligent waiver of his constitutional rights as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. *See Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827.[1]

In partial response the state asserted an affirmative defense in the nature of laches, and the court found, *inter alia*, that Stutzman was guilty of inexcusable delay which, under the circumstances, amounted to a waiver.[2] We agree.[3]

In *Langley; Richardson v. State* (1971), 256 Ind. 199, 267 N.E.2d 538 our Supreme Court discussed the fact that a showing of diligence is *not* a prerequisite to relief under Indiana Rules of Procedure, Post Conviction Rule 1. A trial court is not, however, precluded from applying the doctrine of laches to deny a petition filed pursuant to PCR 1. Justice Prentice, writing for a unanimous Court, explained the holding of *Langley; Richardson, supra,* in *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623 as follows:

"The answers to the questions posed by this case are found in *Langley; Richardson v. State* (1971), 256 Ind. 199, 267 N.E.2d 538. In that case, it was acknowledged that a showing of diligence is not a prerequisite to relief under PC Rule 1 and that a petitioner could successfully seek post conviction relief in a particular case under PC Rule 1, notwithstanding that he would fail to qualify for consideration on the merits under PC Rule 2. (p. 211, 267 N.E.2d 538). Taken out of context, this statement might be very misleading.

1. The proceedings occurred before enactment of IC 35–4.1–1–3.

2. The court also found that the victim was a retarded child with a speech difficulty who would have been eighteen years old at the time of the PCR hearing, that the probation officer involved in the case had died, and that the prosecuting attorney who handled the case had become a judge.

3. Stutzman also contends that the state's amended answer raising the defense of laches was not timely filed and that it caused surprise and prejudice to him. However, in granting the state's motion to amend its pleadings, the court offered Stutzman a continuance. Stutzman failed to avail himself of this opportunity and now he cannot claim that he was unduly prejudiced by the amendment.

However, elsewhere in the opinion, Justice Hunter noted that the mere filing for relief at a later time under the provisions of PC Rule 1 does not insulate a petitioner from a State sponsored inquiry into the matter of waiver on the issues raised by the petition (p. 206, 267 N.E.2d 538) and that where the defense of waiver is raised, a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal channels. (p. 211, 267 N.E.2d 538.)."

*Id.*, 263 Ind. at 615, 335 N.E.2d at 624. The Court went on to state:

"Waiver, as the term is employed in *Langley; Richardson v. State (supra)* would include the defense of laches and equitable estoppel. In the case at bar we are concerned with what would more properly be termed laches, that is the neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the adverse party and thus operating as a bar in a court of equity. *Haas v. Holder* (1941), 218 Ind. 263, 32 N.E.2d 590.

The question of laches is one to be determined by the court in the exercise of its sound discretion from the facts and circumstances of each case. *State ex rel. Harris v. Mutschler* (1953), 232 Ind. 580, 115 N.E.2d 206. Although an element thereof, the lapse of time alone does not constitute laches. *Sinclair v. Gunzenhauser* (1913), 179 Ind. 78, 98 N.E. 37, *rehearing denied* 179 Ind. 78, 100 N.E. 376. Other factors also bear substantially upon the determination, among them the reasonableness of a delay and the prejudice, if any, to the adversary."

*Id.*, 263 Ind. at 616–617, 335 N.E.2d at 624–625. *See also Baker v. State* (1980), Ind., 403 N.E.2d 1069, n. 1; *Rader v. State*

(1979), Ind.App., 393 N.E.2d 199, 202. The Supreme Court reversed the trial court's decision in *Frazier* because it failed to conduct an evidentiary hearing in which Frazier had an opportunity to satisfactorily explain his delay in filing his petition.

Unlike the situation in *Frazier*, the trial court in the present case did conduct an evidentiary hearing on Stutzman's petition. The following exchange between Stutzman and the prosecutor took place:

"Q. Mr. Stutzman, after you were sentenced in this cause, shortly after in fact in 1973, isn't it true you ordered a copy of all the order book entries and documents relating to your conviction?

A. Yes, sir.

Q. And at that time isn't it also true that you consulted with an attorney in regard to filing a Petition for Post-conviction Relief?

A. No, sir.

Q. You were never in contact with a representative from the State Public Defender's Office in regard to a Petition for Post-conviction Relief?

A. Not until 1980.

Q. You don't recall a Paul J. Baldoni who worked on a Post-conviction Relief Petition for you back in 1973?

A. No, sir.

Q. What did you do with the documents that you received in 1973?

A. They came up missing someplace. Somebody stole them. That's the reason I made the request for the second order of them [sic] documents in 1980.

Q. Now, you ordered those documents in 1973, correct?

A. Yes.

Q. And then you again asked for such documents in 1980?

A. Yes.

Q. Would that be correct? That's a period of seven (7) years?

A. Yes.

Q. Why did you wait from '73 until 1980 to ask for the documents to be reproduced?

A. Because the—I was getting extremely tired of setting [sic] in that prison, and I also wanted to get a couple things straightened out on my—on my transcript.

Q. Well—

A. And also—

Q. How soon after you received the documents in 1973 were they stolen from you?

A. I don't think I had them for a full month.

Q. Then after they were taken from you you did nothing for seven (7) years in regard to your Post-conviction Relief?

A. (inaudible)

Q. And you didn't discuss that with any other attorney?

A. No, sir.

Q. Did you discuss it with any inmates there at the prison?

A. Oh, I've talked with a few of them, yes.

Q. You don't recall today who the prisoner was that helped you prepare your first Petition for Post-conviction Relief?

A. His name I couldn't tell you. I don't remember what his name is. He's—tells me that he was a lawyer on the street. That's all I know. He was an inmate at the time.

Q. Do you remember if he was a member of what race or nationality he was?

A. He was white."

The trial court specifically found that Stutzman did not offer an adequate excuse for his delay in filing his petition and that the evidence failed to make any reasonable showing for the delay. The burden to offer an adequate excuse or reasonable showing for the delay was on Stutzman. *Frazier, supra; Rader, supra.*

 "The question of laches is one to be determined by the court in the exercise of its sound discretion from the facts and circumstances of each case." *Frazier v. State, supra,* 263 Ind. at 617, 335 N.E.2d at 625. It cannot be said that the trial court's findings, based on the evidence, constitute an abuse of discretion.

The decision is affirmed.

HOFFMAN, P. J., concurs.

STATON, J., concurs in result.