Jessie HAYNES, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 3–481A91.

Court of Appeals of Indiana,
Third District.

June 24, 1982.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

Jessie Haynes appeals from the summary denial of his pro se petition for post conviction relief pursuant to Indiana Rules of Procedure, Post Conviction Rule 1. The petition was filed to challenge the validity of a guilty plea entered in July 1970 to a charge of theft.

■ The transcript of the guilty plea proceeding discloses that Haynes' attorney told the court he had "gone into the subject" of Haynes' constitutional rights with him. Then the following colloquy occurred between the judge and Haynes:

"THE COURT: Mr. Eichelberg said he had explained to you all of your constitutional rights at the trial.

DEFENDANT: Yes.

THE COURT: Did you fully understand them?

DEFENDANT: Yes.

THE COURT: Your right to a trial by jury and your right to face your accusors. Do you understand those things?

DEFENDANT: Yes.

THE COURT: There is no question about any of your rights?

DEFENDANT: No."

Although there was other discussion, the foregoing constitutes the entire record concerning Haynes' understanding and waiver of his constitutional rights. It was clearly insufficient to comply with the mandate of *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 since no mention was made of Haynes' right against self incrimination. *See also Goode v. State* (1974), 160 Ind.App. 360, 312 N.E.2d 109.

■ Following acceptance of the guilty plea Haynes was given a suspended sentence of one to five years and was placed on probation. Approximately fifteen months later upon the recommendation of the probation department Haynes was discharged from probation. The fact that he thereby completed service of the sentence did not, however, render the matter moot. *Rader v. State* (1979), Ind.App., 393 N.E.2d 199. Moreover, PC 1 imposes no time limitation for seeking relief under its auspices. *Langley; Richardson v. State* (1971), 256 Ind. 199, 267 N.E.2d 538.

In the present case the trial court took judicial notice of a criminal charge for possession of marijuana lodged against Haynes on October 25, 1979 which also charges Haynes with being an habitual offender. [IC 35–50–2–8]. The court noted that one of the felonies relied upon by the state was the theft conviction with which we are concerned, and that Haynes had been convicted as an habitual offender and was sentenced on March 6, 1980.[1] The court then held that because Haynes failed to present his challenge to the theft conviction prior to the March 6 sentencing, although he was aware the state was relying upon it, he was estopped from attempting to set the conviction aside.

■ There is, of course, no issue before us concerning Haynes' status as an habitual offender or of his ability to attack that judgment should he succeed in his present claim. It is worthy to note, however, that due process requires that a person charged with being an habitual offender must be afforded the right to challenge the constitutional validity of the prior convictions upon the basis of which the state seeks to impose an enhanced penalty.[2] *Burgett v. State of Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. Our Supreme Court has acknowledged the right in *Hall v. State* (1980), Ind., 405 N.E.2d 530 and *Collins v.*

1. Subsequently affirmed on appeal in *Haynes v. State* (1982), Ind., 431 N.E.2d 83.

2. Prosecuting officials intending to rely upon guilty pleas entered in the post-*Boykin* era but prior to the application of IC 35–4.1–1–3 (1969–1974) for habitual offender enhancements

would be well served to ascertain the validity of the guilty plea proceedings in question before proceeding to trial since in those days faulty proceedings were not uncommon, especially where a suspended sentence was in prospect for the accused.

*State* (1981), Ind., 415 N.E.2d 46, *cert. denied* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851.

Nevertheless there is presently confusion in the case law as to precisely how such a challenge should be made. In *State v. Dossett* (1977), 174 Ind.App. 501, 368 N.E.2d 259 the First District concluded that while the defendant could attack the constitutional validity of a prior guilty plea, the conviction was merely voidable and therefore to challenge the conviction in an habitual offender proceeding amounted to an impermissible collateral attack on the prior judgment.

Subsequently in *Hall* and *Collins, supra*, our Supreme Court, in ruling that the accused had the burden of producing evidence of the invalidity of a prior guilty plea, assumed that it was permissible to challenge the prior conviction in the habitual offender proceeding.

Most recently in *Williams v. State* (1982), Ind., 431 N.E.2d 793, the court held that the trial judge acted within his province in denying a continuance to investigate the prior convictions asserted in an habitual offender count added to the charge a week before the trial because the trial at hand was "not the proper forum to contest the legality of those sentences by way of collateral attack." 431 N.E.2d at 795. It does not appear, however, that either of the prior convictions in *Williams* was asserted to be constitutionally invalid and we may infer from the language of the opinion that this was not the case.[3]

■ While we believe there is great practical utility in permitting one charged as an habitual offender to challenge the constitu-

tional invalidity of any of the convictions relied upon by the state in the habitual offender proceeding,[4] we are unprepared to say that his failure to do so bars him from *thereafter* challenging one of the prior convictions relied upon. *Compare United States v. Tucker* (1972), 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592. *Rader, supra*, holds that the conviction is a continuing injury per se. 393 N.E.2d 201.

■ Despite lack of mootness our courts have held that a convicted person who unreasonably delays in seeking relief may be subject to an affirmative defense by the state in the nature of laches and equitable estoppel when he attempts to initiate a PC 1 proceeding. *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623; *Langley; Richardson v. State* (1971), 256 Ind. 199, 267 N.E.2d 538. When this question is raised by the state it is to be determined from all the facts and circumstances of the particular case, including the reasonableness of the delay, and the prejudice, if any, to the adversary.[5] *Frazier, supra; Stutzman v. State* (1981), Ind.App., 427 N.E.2d 724. Accordingly, the court should conduct an evidentiary hearing on the question of laches and estoppel. The failure to do so requires us to remand. *Frazier, supra; Stutzman, supra*.

It was error for the court to summarily deny the petition.

Reversed and remanded for further proceedings consistent herewith.

HOFFMAN, P. J., dissents and files separate opinion.

STATON, J., concurs and files separate opinion.

---

**3.** The court introduced this portion of the decision by observing that "[t]he issues of a defendant's *guilt or innocence* of prior crimes ...." were not before the trial court in the habitual offender proceeding. 431 N.E.2d at 795. (emphasis added)

**4.** We agree with the analysis in *State v. Dossett* that the conviction is voidable rather than void, and believe that the majority misspoke itself in *Burgett* when at 389 U.S. 114, 88 S.Ct. 261 it referred to an infirm conviction as void. On the other hand, because of the peculiar nature of the doctrine of fundamental error an accused should be able to attack a constitution-

ally voidable judgment in the habitual offender proceeding where the state is relying upon its validity to enhance a penalty.

**5.** It should be noted that prior to October 1, 1977, the theft conviction would not have served as a basis for an habitual offender proceeding since under the prior law only felonies for which a person had been imprisoned were considered. IC 35–8–8–1, 2 [repealed]. Also, there would appear to be no prejudice to the state since Haynes completed service of the penalty imposed for the offense.

HOFFMAN, Presiding Judge, dissenting.

The "cause and actual prejudice" standard of review recently applied in *United States v. Frady* (1982), —— U.S. ——, 102 S.Ct. 1584, 71 L.Ed.2d 816, is likewise applicable in the instant cause. Writing for the United States Supreme Court in *Frady*, Justice O'Connor stated that:

> "[u]nder this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." 102 S.Ct. at 1594.

Though represented by counsel, at no time prior to trial on either the second felony charge or the habitual offender charge did appellant challenge the validity of the 1970 conviction. As noted by the trial court in denying Haynes' motion to correct errors, appellant had the opportunity to request a continuance on the habitual offender charge until an appeal of his 1970 conviction could be adjudicated. Appellant chose instead to relinquish this right. Appellant has failed to show cause excusing such waiver. In *Frady, supra*, it was further held that:

> "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post-conviction collateral attacks. To the contrary, a final judgment commands respect." 102 S.Ct. at 1593.

Haynes was afforded similar opportunity to present his claims against the State of Indiana in a State forum.

Haynes' pleadings themselves clearly establish that he failed to challenge the 1970 conviction for nearly ten years. It is therefore apparent from the record that appellant's collateral attack was barred by the operation of laches. Thus, it was proper for the trial court to deny the petition without evidentiary hearing. Ind. Rules of Procedures, Post-Conviction Rule 1, § 4(e).

STATON, Judge, concurring.

I concur. If the State wishes to assert the affirmative defenses of laches and equitable estoppel, it will have the burden of proof in establishing any unreasonable delay and prejudice. Rule 8(C) Rules of Trial Procedure.