**Janice L. VAN HOOSIER (Corn), Appellant,**

v.

**GRANT COUNTY DEPARTMENT OF PUBLIC WELFARE, Appellee.**

No. 4–282A36.

Court of Appeals of Indiana, Fourth District.

Dec. 29, 1982.

Manuel P. Guerrero, Guerrero, Guerrero & Guerrero, Marion, for appellant.

Warren Haas, Marion, for appellee.

YOUNG, Presiding Judge.

Appellant Janice L. Van Hoosier Corn appeals the trial court's 1981 termination of the parent-child relationship between her and her son Michael Van Hoosier.[1] She contends that the evidence is insufficient to support the judgment. We remand.

Before reaching the evidentiary issues, Corn presents an argument as to the proper standard of proof at trial. In 1981, the Juvenile Code required a preponderance of the evidence as the standard of proof for terminating parental rights. Ind.Code 31–6–7–13. However, since the enactment of that standard by the state legislature, the United States Supreme Court held, as a matter of constitutional law, the standard must require at least clear and convincing evidence to terminate parental rights. *Santosky v. Kramer*, (1982) —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599. This standard has been recognized and applied by the Indiana courts. *Jones v. Jackson County Department of Public Welfare*, (1982) Ind. App., 436 N.E.2d 849, 852 n. 2; *Ellis v. Knox County Department of Public Welfare*, (1982) Ind.App., 433 N.E.2d 847. In the present case, no indication is made of what standard of proof was applied by the trial court in making the findings[2]; however, we presume it was the preponderance standard effective at the time of trial. The findings can be affirmed applying our appellate standard of review.[3] However, in doing so we would be determining that the evidence was clear and convincing. The weight to be given the evidence is properly a function of the trial court. While we might find the evidence sufficient under the standard of proof to support the findings of the trial court, the trier of fact may not have the same opinion of the evidence having been on the bench as it was presented. Therefore, we must remand for the trial court's consideration of the evidence under the higher standard of proof under *Santosky*.[4] If the evidence is sufficient to meet the higher standard of proof, findings shall be made accordingly. If the trial court finds it is lacking, petitioners shall be granted a new hearing under the new standard of proof.

We retain jurisdiction. The trial court is directed to comply within ninety days after certification of this opinion by the Clerk of this Court.

Remanded.

MILLER and CONOVER, JJ., concur.

---

1. John D. Van Hoosier, respondent in the trial court, takes no part in this appeal.

2. Nor, of course, do we expect such an indication in the findings.

3. If we did not believe the evidence presented was sufficient under the higher standard of proof, the cause would be reversed. *Compare Jones v. Jackson County Department of Public Welfare*, (1982) Ind.App., 436 N.E.2d 849.

4. We also note that the requirement that reasonable services designed to correct the cause of the child's removal be offered has been deleted by the legislature effective September 1, 1982. Ind.Code 1–1–3–3. Therefore, we do not believe it necessary for the court to find on remand that reasonable services were offered inasmuch as the court's findings will now be entered after the effective date of the amended statute. If we were to reverse because reasonable services were not offered, the proceeding could have been refiled under the amended section circumventing that requirement anyway.