Joe E. HERNANDEZ, Appellant
(Movant Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 3–1282A345.

Court of Appeals of Indiana,
Third District.

June 20, 1983.

John William Davis, Jr., Davis & Roose, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Justice.

On June 20, 1975, appellant Joe Hernandez was charged with driving under the influence of intoxicants.[1] Appellant pleaded guilty on the same date and was placed on probation for one year and fined $25 plus court costs. No appeal was taken in the matter.

A petition for post-conviction relief was filed in Noble County Court by appellant on December 1, 1980. Appellant contends that his guilty plea was not entered into voluntarily as he was not apprised of his constitutional rights beforehand. The Noble County Court denied appellant's petition in an order which states in relevant part:

"That it shocks the conscience of the Court for the Defendant to come back nearly six years after having paid his fine and apparently taken advantage of the probationary license issued to now question or challenge the prior actions."

*Record* at 23.

From this order Hernandez appeals.

Several issues were raised by Hernandez on appeal. However, because of this Court's decision on the controlling issue involved, a discussion of the remaining issues raised by appellant is rendered unnecessary.

The controlling issue in this case involves the doctrine of laches. The Noble County Court denied appellant's petition for post-conviction relief on the ground that his claim was barred by unreasonable delay, laches. It is appellant's contention that the trial court could not base its decision on this doctrine as it was not pleaded by the State as an affirmative defense.

■ The statute outlining the procedure and remedies available pursuant to a petition for post-conviction relief states in relevant part: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings." Ind.Rules of Procedure, Post-Conviction Rule 1, § 4(e). Implicit in this provision is the principle that the trial court may deny a party's petition for post-conviction relief for unreasonable delay in filing said petition. The trial court is not barred from ruling on an affirmative defense merely because the defense is not raised by the State so long as the facts before the court support its ruling. *Rinard v. State* (1979), Ind., 394 N.E.2d 160; *Winston v. State* (1978), 267 Ind. 587, 372 N.E.2d 183.

■ Denial of a petition for post-conviction relief on a theory of laches has been upheld by this Court. *Stutzman v. State* (1981), Ind.App., 427 N.E.2d 724. The issue of laches is a matter within the discretion of the trial court to be determined according to the facts and circumstances of each particular case. A trial court's determination in such a matter will be overturned only where there has been an abuse of discretion. *Stutzman v. State, supra.*

■ In the case at bar appellant paid his fine and served out his period of probation then six years later comes before the Court to challenge his earlier plea of guilty. No effort was made by appellant to explain the reason for the delay in bringing this challenge. There is no indication that the trial court abused its discretion in denying appellant's petition. For the reasons stated above the order of the trial court is affirmed.

Affirmed.

STATON and GARRARD, JJ., concur.

---

1. Ind.Code § 9–4–1–54 (Burns Code Ed.).