**Danny J. RAY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 4–1083A353.

Court of Appeals of Indiana,
Fourth District.

Aug. 15, 1984.

Robert G. Andree, Jr., Applegate & Shapiro, Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Danny J. Ray (Ray) appeals the Lawrence County Court's denial of his petition for post-conviction relief.

We remand. The parties extensively argued whether laches applied in this case. The state of the law in this area arguably had been in flux since *Stutzman v. State*, (1981) Ind.App., 427 N.E.2d 724. Our supreme court recently has clarified the law in *Twyman v. State*, (1984) Ind., 459 N.E.2d 705, 711–12.

*Twyman* held the State has the burden of pleading and proving the elements of laches. The record in this case is unclear as to the treatment the trial court gave the laches issue in this case. Thus, we remand this case for hearing on the laches issue. After the parties present evidence on the issue of laches, the trial court will be in a position to determine the issue.

For the reasons stated above, we retain jurisdiction of this cause, but remand it for a hearing on the laches issue.

So ordered.

MILLER, P.J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I respectfully dissent. The majority's opinion essentially grants the state a new trial on its affirmative defense of laches. Under our rules, however, we will grant a new trial only when the trial court has erred and a new trial is the only fair and practicable way to correct the error. Ind. Rules of Procedure, Appellate Rule 15(N); *see Clouse v. Fielder*, (1982) Ind.App., 431 N.E.2d 148 (new trial appropriate only upon issues affected by trial court error). Here, the state alleges no error affecting its affirmative defense of laches; thus, the state is not entitled to present additional evidence on this issue.

Moreover, I would not reach the issue of laches, as the trial court's denial of Ray's petition can be affirmed on other grounds.

The record shows Ray pleaded guilty in July 1979 to driving while intoxicated. He filed this petition for post-conviction relief on March 4, 1983. In the interim, the trial court reused the tape on which the guilty plea hearing was recorded, obliterating the record of Ray's plea.[1]

In the absence of the original record, Ray sought to prove his case by reconstructing a record of the guilty plea hearing from his own recollection, as provided in Ind.Rules of Procedure, Appellate Rule 7.2(A)(3)(c). He submitted this record directly to the court for certification and served the state with a request for admissions that the original record was unavailable and that Ray's reconstruction of the events at the hearing was true and accurate. The state denied that Ray's statement was accurate. The court never ap-

proved Ray's reconstructed record as an accurate account of the guilty plea hearing, and Ray did nothing to secure such a certification. Before the hearing on his petition, Ray filed a motion for summary judgment, based on the sworn allegations in his petition. At the hearing itself, Ray and his mother both testified that the judge hearing his guilty plea had not advised him of the rights he was thereby waiving. The court denied Ray's petition on the grounds that Ray had failed to prove he was entitled to relief.

Because Ray had the burden of proof at trial, he is here appealing a negative judgment; thus, we may reverse only if the trial court's decision is contrary to law. *Early v. State*, (1982) Ind., 442 N.E.2d 1071. We may find a trial court's decision contrary to law only where the evidence is without conflict and leads inescapably to a conclusion contrary to the trial court's. *Id.* Here, the testimony of Ray and his mother was vague and sometimes contradictory. In light of Ray's obvious self-interest at trial, the court was entitled to doubt his credibility. I would accordingly find that Ray's testimony does not compel a conclusion that he was entitled to relief.

Nor do I agree with Ray's contention that the state should be held to have admitted that Ray was not adequately advised of his rights. Ray requested an admission, under Ind.Rules of Trial Procedure, Trial Rule 36, that "any statement of the evidence prepared by [Ray]" was true and accurate. The state generally denied this. Ray argues this general denial did not "fairly meet the substance" of his requested admission, and thus the state should be deemed to have admitted it. The imposition of such a sanction, however, was a matter for the trial court's discretion. T.R. 36(A); *see Chrysler Corp. v. Reeves*, (1980) Ind.App., 404 N.E.2d 1147. Further, fairness required Ray to make his request for admissions precise, unambiguous, and in no

---

1. Consistent with the practice established by Ind.Rules of Procedure, Criminal Rule 10, the trial court preserved the record of Ray's plea for "the maximum term of imprisonment provided by the judgment". The tape was reused, in order to save the court's funds and storage space, only after this time had passed.

way misleading to the state. *F.W. Means & Co. v. Carstens,* (1981) Ind.App., 428 N.E.2d 251, 257. Ray's request that the state admit the truth of "any statement of the evidence" he produced did not meet this requirement. I would accordingly agree with the trial court that the state's general denial was a fair response to this request and that the truth of Ray's statement should not be deemed admitted.

Finally, Ray argues he is entitled to relief because the record of his guilty plea has been destroyed. Loss of the record, however, entitles the petitioner to relief from his guilty plea only when it is impossible to reconstruct the record under A.R. 7.2(A)(3)(c). *Zimmerman v. State,* (1982) Ind., 436 N.E.2d 1087; *Gallagher v. State,* (1980) Ind., 410 N.E.2d 1290. Thus, when the petitioner neither secures a reconstructed record under A.R. 7.2(A)(3)(c) nor shows that such a reconstruction is impossible, he is not entitled to a new trial based on deficiencies in the record. *Zimmerman, supra; Ray v. State,* (1975) 165 Ind.App. 601, 333 N.E.2d 317.

In this case, Ray did not claim the record could not be reconstructed. Indeed, he took steps to reconstruct the record by preparing a statement of the evidence and submitting it to the trial court. Ray did not, however, comply with the requirements of A.R. 7.2(A)(3)(c) by serving a copy of this statement on the state so that the state could prepare objections or amendments to it. More importantly, Ray never sought to have this statement approved by the judge who heard his guilty plea. With such approval, Ray's statement would have become the indisputable account of what occurred at that hearing; without the judge's approval, Ray's statement was entitled to no more weight than his testimony.

By failing to pursue his remedy under A.R. 7.2(A)(3), Ray has put himself in the position envisioned by the court in *Zimmerman:*

[R]esort to [A.R. 7.2(A)(3)] may, in another case, be necessary to enable a petitioner to prove his claim. In view of the heavy burden which a post conviction petitioner bears, and our standard of review in appeals therefrom ... a petitioner would be hard pressed to prove his claim, in the absence of a record. Without such record, a petitioner would have to rely upon witnesses, whose memories or credibility may be subject to severe scrutiny by the trial judge and whose testimony he is not required to believe.

436 N.E.2d at 1089. *See also Popplewell v. State,* (1981) Ind., 428 N.E.2d 15 (trial court properly denied post-conviction relief where petitioner failed to produce a transcript of the criminal trial at issue). If Ray had secured a reconstructed record or showed it was impossible for him to do so, the burden might have been upon the state to produce a record showing that Ray's guilty plea was entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama,* (1969) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *Turman v. State,* (1979) 271 Ind. 332, 392 N.E.2d 483; *see Todd v. Lockhart,* (8th Cir.1974) 490 F.2d 626; *Joe v. State,* (1977) Alaska, 565 P.2d 508. Ray apparently chose, however, not to pursue the remedy provided by A.R. 7.2(A)(3). Instead, like the petitioner in *Zimmerman, supra,* "he stood upon his belief that a lost record was per se the equivalent of a silent record". 436 N.E.2d at 1089. On these facts, I believe the trial court properly found that Ray had failed to prove he was entitled to relief.

I would affirm.