**Roger Dale BOYKINS, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 4–1282A389.**

Court of Appeals of Indiana, Fourth District.

Nov. 20, 1984.

Rehearing Denied Feb. 1, 1985.

---

**2.** The same paragraph provides that the payments shall not affect Block's right to seek injunctive relief.

John Richard Walsh, II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Roger Dale Boykins appeals the denial of his petition for post-conviction relief, by which he sought to set aside his earlier pleas of guilty to theft and burglary. He contends the post-conviction court erred in finding these pleas were entered knowingly, intelligently, and voluntarily.

We reverse.

■ The state admits that the court accepting Boykins' guilty pleas did not give him the statutory advisements required by IND.CODE 35–4.1–1–3 (now codified at IND.CODE 35–35–1–2 (1982) ). Absent these advisements, we must find that Boykins did not enter his guilty pleas knowingly, voluntarily, and intelligently. *German v. State*, (1981) Ind., 428 N.E.2d 234. Thus, the trial court's judgment was contrary to law and must be reversed.

■ In so holding, we reject the state's suggestion that we remand this matter for a ruling on its affirmative defense of laches. The state raised the laches defense in its answer, but the trial court made no findings on this issue in entering its judgment. If the state had presented sufficient evidence at trial to support a finding of laches, the proper disposition would be to remand for specific findings on that issue, as required by Ind.Rules of Procedure, Post-Conviction Rule 1(6). *See Salk v. Weinraub*, (1979) 271 Ind. 115, 390 N.E.2d 995; *Citizens National Bank v. Harvey*, (1976) 167 Ind.App. 582, 339 N.E.2d 604. At trial, however, the state presented no evidence that it was prejudiced by Boykins' four-year delay in seeking relief. By introducing no evidence on this crucial element of the laches defense, the state failed to make a prima facie showing of laches. *Gregory v. State*, (1984) Ind., 463 N.E.2d 464; *Morrison v. State*, (1984) Ind.App., 466 N.E.2d 783; *Mottern v. State*, (1984) Ind.App., 466 N.E.2d 488. Thus, a remand for findings on this issue would be futile.

Nor do we believe this matter should be remanded for a further evidentiary hearing—in essence a new trial—on the laches defense. We recognize that our recent decision in *Ray v. State*, (1984) Ind.App., 466 N.E.2d 1389 (Young, J., dissenting), appears to mandate such a result, as does the Second District's decision in *Morrison v. State, supra.* For several reasons, however, we have reconsidered our decision in *Ray.* First, we note that the First District of this court, on facts identical to those presented here, has recently held that the proper disposition is not a new evidentiary hearing on laches, but a remand with instructions to vacate the petitioner's guilty plea. *Mottern v. State, supra. See also Morrison v. State, supra,* (Buchanan, C.J., concurring) (arguing that proper disposition is remand for review limited to merits of petitioner's claim).

Second, and more importantly, we believe our decision in *Ray* improperly relied on the conclusion that the law governing laches was unsettled or "in flux" at the time of the hearing. When this case was tried, the state believed its laches defense was governed by the holding in *Stutzman v. State,* (1981) Ind.App., 427 N.E.2d 724, that a petitioner for post-conviction relief had the burden of proving his delay was reasonable once the state had raised the defense of laches. While this appeal was pending, however, our supreme court decided *Twyman v. State,* (1984) Ind., 459 N.E.2d 705. In *Twyman,* the court overruled *Stutzman* and held that the state, not the petitioner, had the burden of proof as to the laches defense.

In so holding, the supreme court gave no indication that it was making new law or deciding a previously unsettled question. Rather, the court based its decision on Ind. Rules of Procedure, Post-Conviction Rule 1(5) and Trial Rule 8(C), as well as the decision in *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623. This authority was, of course, available to the state when this case was tried. Based upon this authority,

the supreme court in *Twyman* held, "The law in Indiana *is still* that once the State raises the affirmative defense of laches in a post-conviction relief proceeding the petitioner is entitled to an evidentiary hearing upon the issue, before the judge may find laches applies. *The burden of proving the defense rests entirely upon the State.*" 459 N.E.2d at 712 (emphasis added). This holding precludes a finding that the law in this area was unsettled prior to the decision in *Twyman* and that the state's failure to meet its burden of proving laches was therefore excusable.

Moreover, even if the *Twyman* decision had changed Indiana law, the state would not necessarily be entitled to a new trial. The decisions in *Travelers Indemnity Co. v. Armstrong,* (1982) Ind., 442 N.E.2d 349, and cases following it are illustrative. In *Travelers,* the supreme court announced that claims for punitive damages must henceforth be proved by clear and convincing evidence. Applying this new standard to the evidence before it, the court held the evidence was insufficient to support the trial court's award of punitive damages.[1] With this holding, the supreme court reversed the trial court's decision even though, at the time of trial, the parties and the trial court justifiably believed the "preponderance of the evidence" standard should be applied. Likewise, in cases following *Travelers,* our appellate courts have consistently applied the new "clear and convincing evidence" standard retrospectively even where the trial court justifiably applied the old "preponderance" standard. *Lloyds of London v. Lock,* (1983) Ind.App., 454 N.E.2d 81; *Farm Bureau Mutual Insurance Co. v. Dercach,* (1983) Ind.App., 450 N.E.2d 537; *Don Medow Motors, Inc. v. Grauman,* (1983) Ind.App., 446 N.E.2d 651.

Under this approach, an award of punitive damages must be reversed without any further hearing where the evidence at trial was insufficient as a matter of law to satisfy the new, higher standard of proof. *Don*

---

1. In so holding, the court noted that the evidence might "conceivably" have been sufficient "under a less stringent standard" to support the punitive damages award. 442 N.E.2d at 363.

*Medow Motors, Inc., supra,* at 655.[2] Thus, a new trial on the issue of punitive damages is appropriate only where it is impossible for the appellate court to determine how the jury would have ruled if the proper standard had been applied. *Id.* Ordering a new trial in such a case is much like a remand for further findings, where the wrong standard of proof was applied in a trial to the court. *See Van Hoosier v. Grant County Dept. of Public Welfare,* (1982) Ind.App., 443 N.E.2d 350.

These cases strongly suggest that a new trial on the issue of laches would be inappropriate here. Our supreme court clearly does not view the *Twyman* decision as having only prospective effect, based as it is upon the Trial Rules and the supreme court's prior decision in *Frazier v. State, supra.* Thus, like the court in *Don Medow Motors* and *Lloyds of London, supra,* we must apply the supreme court's new holding to this case as if *Twyman* had been decided before the trial court heard Boykins' petition. We may not remand for a new trial if the evidence presented at trial was insufficient as a matter of law under *Twyman* to prove the laches defense. *See Don Medow Motors, Inc., supra.* As we have already found, the state's evidence at trial was insufficient to meet this standard. Thus, giving the supreme court's *Twyman* decision retrospective effect in this case, we hold that the state is not entitled to a new trial on the issue of laches.

The trial court's judgment is accordingly reversed, and the cause is remanded with instructions to vacate Boykins' guilty plea.

MILLER, P.J., concurs.

CONOVER, J., dissents with opinion.

CONOVER, Judge, dissenting.

I respectfully dissent.

Because the majority declines to follow this court's prior decisions in *Morrison v. State,* (1984) Ind.App., 466 N.E.2d 783, and *Ray v. State,* (1984) Ind.App., 466 N.E.2d

1389, that fact should not keep the State from receiving a fair trial as to its laches defense.

The genesis of the laches question begins with *Frazier v. State,* (1975) 263 Ind. 614, 335 N.E.2d 623, which contains the following language:

> The answers to the questions posed by this case are found in *Langley; Richardson v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538. In that case, it was acknowledged that a showing of diligence is not a prerequisite to relief under Ind. R.P.C. 1 and that a petitioner could successfully seek post conviction relief in a particular case under Ind.R.P.C. 1, notwithstanding that he would fail to qualify for consideration on the merits under Ind.R.P.C. 2. (p. 211). Taken out of context, this statement might be very misleading. However, elsewhere in the opinion, Justice Hunter noted that the mere filing for relief at a later time under the provisions of Ind.R.P.C. 1 does not insulate a petitioner from a State sponsored inquiry into the matter of waiver on the issues raised by the petition (p. 206) and that *where the defense of waiver is raised, a petitioner must then present some substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal channels.* (p. 211). (Emphasis supplied.)

*Id.,* 263 Ind. at 615, 335 N.E.2d at 624.

In *Stutzman v. State,* (1982) Ind.App., 427 N.E.2d 724, this court interpreted the preceding language as carving out an exception to the general rule of laches, holding the petitioner was required to explain the delay when the State raised the laches defense in post-conviction relief proceedings. This court subsequently followed *Stutzman's* interpretation of *Frazier* in *Boykins v. State,* (1983) Ind.App., 456 N.E.2d 1079; *Gregory v. State,* (1983) Ind.

---

**2.** Likewise, where the evidence is "clear and convincing" as a matter of law, an award of punitive damages may be upheld on appeal even though the trial court applied the preponderance standard. *See Orkin Exterminating Co. v. Traina,* (1984) Ind.App., 461 N.E.2d 693.

App., 456 N.E.2d 1072; *Twyman v. State,* (1983) Ind.App., 452 N.E.2d 434 and *Hernandez v. State,* (1983) Ind.App., 450 N.E.2d 93.

It is true this line of decisions was overruled in *Twyman v. State,* (1984) Ind., 459 N.E.2d 705. But *Twyman* was handed down February 10, 1984; *Stutzman* was handed down November 10, 1981. I am aware of no dicta in a supreme court opinion handed down after *Stutzman* and before *Twyman* hinting at the *Stutzman* result. Although the majority opinion argues the authority relied on in *Stutzman* was always available to the State, the fact is *Stutzman* was followed by this district, albeit over dissenting opinions, in *Gregory, supra,* and *Boykins, supra;* by our First District in *Twyman, supra,* and our Third District in *Hernandez, supra.* Thus, during this period the rule was once the State raised the laches contention in a post-conviction relief hearing, the petitioner bore the burden of explaining his delay in filing for relief. I believe the State was entitled to rely on such precedent. It should not be punished "for failing to predict our [supreme court's] decision in [*Twyman, supra*]." See *Owen v. City of Independence,* (1980) 445 U.S. 622, 683, 100 S.Ct. 1398, 1432, 63 L.Ed.2d 673 (Powell, J., dissenting). The majority's view of this matter clearly deprives the State of a fair opportunity to contest Boykins's claim for post-conviction relief.

The majority's reliance on *Travelers Indemnity Co. v. Armstrong,* (1982) Ind., 442 N.E.2d 349, and its progeny clearly is misplaced. *Travelers* changed the *quantum* of proof required to establish punitive damages. It did *not,* however, alter the *burden* of proof. It remained with the plaintiff. *Stutzman, supra,* and its progeny interpreted *Frazier, supra,* as placing the burden of proof on the defendant when laches was raised by the State. During the period in which *Stutzman* and company stated the rule on this subject, parties to post-conviction proceedings were entitled to rely thereon. *Twyman* effected a fundamental change in the law of laches as to who carried the burden of proof in this area in post-conviction relief proceedings. Such a fundamental result was not involved as to punitive damages in *Travelers.*

By failing to remand for rehearing on the issue of laches the majority deprives the State of an opportunity to establish how it was prejudiced by the delay here involved, a burden the State quite rightly did not and could not anticipate it would bear when the post-conviction relief hearing was held October 12, 1982, more than one year prior to our supreme court's decision in *Twyman, supra.*

I would remand for a hearing on the laches issue.