**Norman A. WOODFORD, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

**No. 1083 S 349.**

Supreme Court of Indiana.

Oct. 28, 1985.

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) pled guilty to murder, Ind.Code § 35–13–4–1 (Burns Code Ed. 1975), and was sentenced to life imprisonment. He subsequently filed the instant petition for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1. Following an evidentiary hearing, the post-conviction trial court denied relief on the basis of laches, and Petitioner appealed.

Because of our disposition, we address only the following two issues:

1. Whether the post-conviction trial court erred in denying relief on the basis of laches.

2. Whether the record discloses that there was a substantial factual basis for Petitioner's guilty plea.

We reverse and remand for further proceedings.

Petitioner and an accomplice were involved in the robbery of an Indianapolis drug store. During the robbery an Indi-anapolis Police Department officer arrived and a short gun battle ensued, during which both the accomplice and the police officer were killed. Petitioner was eventually arrested and pled guilty to one count of premeditated murder pursuant to a plea bargain.

Approximately six (6) years later Petitioner filed the instant petition for post-conviction relief which, among other contentions, challenged the factual basis for his plea of guilty to premeditated murder, and asserted that he had not been advised of various rights waived by the guilty plea. Other facts are stated below.

## ISSUE I

■ The State generally denied the allegations of the petition and also raised the affirmative defense of laches. The evidence revealed that Petitioner had been sentenced on November 5, 1976 but did not file his petition for relief until December 20, 1982, although he had learned of the availability of post-conviction remedies more than four years earlier. Upon this evidence, the post-conviction court denied relief by reason of Petitioner's laches. In so doing, however, it apparently relied upon *Stutzman v. State* (1981), Ind.App., 427 N.E.2d 724 and a series of subsequent cases from our Court of Appeals which held that a post-conviction petitioner had the burden to *disprove* laches, once the matter was put in issue by the State. These cases were overruled by this Court in *Twyman v. State* (1984), Ind. 459 N.E.2d 705, 711–12 (DeBruler, J., dissenting on other grounds) and *Gregory v. State* (1984), Ind. 463 N.E.2d 464. Laches encompasses more than mere delay, and the burden of proving the defense rests entirely upon the State in proceedings to set aside a guilty plea. *Twyman, supra.*

Since our decision in *Twyman* the several districts of our Court of Appeals have reached varying results upon the action appropriate following a determination of error in applying the *Stutzman* rule, some having remanded such cases for a retrial of the laches issue and others having remand-

ed for a determination of the post-conviction petition upon its merits, i.e. without giving the State an opportunity to relitigate the laches claim. *See Harrington v. State* (1984), Ind.App., 466 N.E.2d 1379; *Mottern v. State* (1984), Ind.App., 466 N.E.2d 488; *Morrison v. State* (1984), Ind.App., 466 N.E.2d 783; *Ray v. State* (1984), Ind.App., 466 N.E.2d 1389; *Boykins v. State* (1984), Ind.App., 470 N.E.2d 765.

■ Ordinarily, where it is determined, as a matter of law, that a party having the burden of proof failed to carry it, notwithstanding a full opportunity to do so, it is appropriate to direct a finding against him. Where as here, however, that party has been hampered by error not chargeable to him, he will be afforded a second opportunity, free from such restraint. We are cognizant of the concerns expressed by the majority opinion in *Boykins* and in the dissenting opinion in *Ray*, and they are not without merit; however, we are reluctant to hold the State accountable for a failure to carry a burden of proof which the case law, then applicable, declared was not its own. Thus, while post-conviction may not be denied to a petitioner for failure to carry a burden not chargeable to him, the State is entitled to fair notice of the burdens it must meet.

## ISSUE II

Notwithstanding our reversal, we address this Issue for the guidance of the trial court on remand.

Petitioner claims that there was no adequate factual basis for the guilty plea to premeditated murder because his accomplice, not he, killed the police officer. However, the transcript of the guilty plea hearing includes substantial evidence from which the guilty plea court could have concluded that Petitioner and the accomplice acted together throughout the robbery, although the record does contain conclusive evidence that it was the accomplice who killed the police officer.

■ At the time this crime was committed, Ind.Code § 35-1-29-1 (Burns Code Ed.,1975) provided in pertinent part:

"Every person who shall aid or abet in the commission of a felony ... may be charged by indictment or information, tried and convicted in the same manner as if he were a principal."

This statute codified the well-established principle that an accomplice is liable for the acts of his confederates and may be held responsible as a principal. *E.g., Jewell v. State* (1974), 261 Ind. 665, 667-68, 309 N.E.2d 441, 442. These principles are maintained in our current accomplice liability statute, Ind.Code § 35-41-2-4 (Burns 1985 Repl.), and caselaw, *e.g., Bean v. State* (1984), Ind. 460 N.E.2d 936, 942.

■ In this case the State presented substantial evidence that Petitioner's accomplice committed premeditated murder of a police officer, and that Petitioner participated in the criminal enterprise from the beginning. Thus, under Ind.Code § 35-1-29-1 he was liable for these acts as a principal, and the guilty plea court did have a substantial factual basis for the guilty plea.

The judgment is reversed, and this case is remanded to the post-conviction trial court for further proceedings consistent with this opinion. In view of our reversal and remand, we do not address other issues presented.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, J., concurs with separate opinion in which PRENTICE, J., concurs.

GIVAN, C.J., dissents.

SHEPARD, Justice, concurring.

The decision of the Court to return this case for a trial on the merits of several issues, including laches, is altogether appropriate.

Although the State urged that the judgment below could be upheld without a new trial, a part of the reason why I have joined today's action is my conviction that the

evidence supporting a finding of laches is inadequate. While the trial judge might well have found that the appellant's delay in filing his petition was unreasonable under circumstances permitting diligence, the evidence offered by the prosecutor on the question of prejudice to the State was insufficient to establish an equitable bar. Other than the passage of time, the only specific prejudice cited in the State's brief or, apparently, offered at trial has been the disposal of those items of physical evidence kept in the Indianapolis Police Department property room. How the loss of these items damages the State's case is unexplained. Whether the other items of tangible evidence which were kept elsewhere are still available is also unexplored. We are not provided with any testimony about the availability of the witnesses or the investigating officer.

A new trial in this case may provide a more complete explanation of any damage done to the State's ability to present its evidence.

PRENTICE, J., concurs.